UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MYRON G BRANDON,

              Petitioner,

    v.

PATRICK GLEBE,

              Respondent.

CASE NO. C14-6005 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
JANUARY 23, 2015

       The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636 (b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction. Thus, the petition is filed pursuant to 28 U.S.C. § 2254.

       Initial review of the petition and motion to proceed in forma pauperis discloses that this petition is second or successive. Petitioner has attempted to challenge this conviction in four prior petitions:

    1.    C04-5617KLS (dismissed without prejudice as unexhausted).
    2.    C05-5417FDB (dismissed on the merits and as procedurally barred).

    3.    C09-5689BHS (transferred as second or successive).
    4.    C10-5687RBL (transferred as second or successive).

In each of these petitions petitioner challenges the same Pierce County conviction for first degree robbery trial which resulted in petitioner being sentenced in 2000. Petitioner attempts to challenge this same conviction in this proceeding. (Dkt. 1-1). Accordingly, the undersigned recommends that the Court administratively close the file and transfer the case to the Ninth Circuit in accordance with Circuit Rule 22-3(a).

## DISCUSSION

Ninth Circuit Rule 22-3 (a) states:

> (a) Application. Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.

Petitioner first filed a petition for writ of habeas corpus on September 22, 2004, in Case No. C04-5617KLS (Dkt. 5 therein). The Court dismissed that petition without prejudice when petitioner failed to show that he properly exhausted the issues raised in his petition (Dkt. 49 and 50 therein). Prior to dismissal of his claims in that case, petitioner filed another petition for writ of habeas corpus on June 10, 2005 in Case No. C05-5417FDB (Dkt. 1 therein). That petition was denied on the merits and dismissed with prejudice (Dkt. 26 therein).

On November 3, 2009, petitioner filed another petition for writ of habeas corpus in Case No. C09-5689BHS (Dkt. 1 therein). The Court transferred that petition to the Ninth Circuit pursuant to Circuit Rule 22-3(a) (Dkts. 3 and 7 therein). On September 23, 2010, petitioner filed another petition for a writ of habeas corpus in Case No, C10-5687RBL. The Court transferred that petition to the Ninth Circuit pursuant to Circuit Rule 22-3(a) (Dkts. 5 and 6 therein).

1  Therefore, the petition before this Court is also a "second or successive" petition and

2  should be transferred to the Ninth Circuit Court of Appeals consistent with the dictates of Rule

3  22-3 (a).

## CONCLUSION

5  Accordingly, the undersigned recommends that the Court transfer this habeas

6  corpus petition as a second or successive petition and administratively close the file.

7  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

8  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

9  6. Failure to file objections will result in a waiver of those objections for purposes of de novo

10  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

11  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

12  January 23, 2015, as noted in the caption.

13  Dated this 29th day of December, 2014.

J. Richard Creatura
United States Magistrate Judge